DANIEL YOUNG, Respondent, *v.* ROCHESTER GAS & ELECTRIC CORPORATION and CHARLES F. FITZGERALD, Appellants.

Fourth Department January 12, 1940.

*Charles T. Ennis,* for the appellants.

*MacFarlane & Harris [William MacFarlane* of counsel], for the respondent.

PER CURIAM. In this action the plaintiff secured a verdict for personal injuries against both defendants for the sum of $6,000. A verdict of no cause of action was rendered on the counterclaim of the defendants. Briefly stated, the facts on which the determination of the merits of this action depends are as follows:

The defendant Fitzgerald was driving a car which belonged to the defendant corporation herein, accompanied by one Hill, a passenger, the plaintiff in a companion action tried with this action. (*Hill* v. *Young,* 258 App. Div. 1035.) This car was proceeding in an easterly direction on the Fairport-Ontario Center road. In a

westerly direction on the same road there came a truck being driven by plaintiff's son, Daniel W. Young, who is a defendant in the companion action, which truck was towing a Chevrolet car in which the plaintiff herein was riding. Although the road was slushy and slippery there is no question that the visibility was good. The claim of the plaintiff on which he asks this court to sustain the verdict and judgment herein is that while the towed car remained on its own side of the road, the car belonging to the corporation, defendant herein, was driven across on the wrong side of the road and into the towed car. The proof of the defendants herein was that the towed car swung out onto their side of the road and struck the car of the defendant corporation.

As between these two contentions, the jury found with the plaintiff. Such verdict was not consistent with physical facts that cannot be disputed. After the accident occurred the defendants' car was on its own side of the road and at its extreme edge to the right, while the car in which the plaintiff had been riding was at least partly over on the wrong side of the road so far as it was concerned. In addition to the proof of the positions of the car after the accident there were certain statements made by Daniel W. Young which statements corroborated the testimony of the defendants in this action that the towed car swung out onto its wrong side of the road. In view of the statements of Daniel W. Young and the location of the cars after the accident was over, it is necessary to say that the verdict of the jury was against the weight of evidence.

In view of this, the judgment and order appealed from should be reversed on the facts and a new trial should be granted, with costs to the appellants to abide the event.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and HARRIS, JJ.

Judgment and order reversed on the facts and a new trial granted, with costs to the appellants to abide the event.